**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

In re: MISKIN, MILOJKA                           § Case No. 10-72337
                                                 §
                                                 §
Debtor(s)                                        §

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on May 05, 2010.  The undersigned trustee was appointed on March 07, 2011.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554  An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of          $         30,000.00

    Funds were disbursed in the following amounts:

    Payments made under an
      interim distribution                                       5,000.00
    Administrative expenses                                     18,718.65
    Bank service fees                                               75.00
    Other payments to creditors                                      0.00
    Non-estate funds paid to 3rd Parties                             0.00
    Exemptions paid to the debtor                                    0.00
    Other payments to the debtor                                     0.00

    Leaving a balance on hand of [1]              $          6,206.35

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category.  The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 05/18/2011 and the deadline for filing governmental claims was 05/18/2011. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $3,750.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $0.00, for a total compensation of $0.00.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 02/07/2012          By: /s/JAMES E. STEVENS
                                Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

Page: 1

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 10-72337  
**Case Name:** MISKIN, MILOJKA  

**Period Ending:** 02/07/12

**Trustee:** (330420) JAMES E. STEVENS  
**Filed (f) or Converted (c):** 05/05/10 (f)  
**§341(a) Meeting Date:** 06/24/10  
**Claims Bar Date:** 05/18/11

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | 315 North 10th Street, Dekalb, IL | Unknown | Unknown | OA | 0.00 | FA |
| 2 | 1015 - DeKalb, IL | Unknown | Unknown | OA | 0.00 | FA |
| 3 | 909 No. 12th Street, DeKalb, IL 60115 | Unknown | Unknown | OA | 0.00 | FA |
| 4 | 1017 Market - DeKalb, IL | Unknown | Unknown | OA | 0.00 | FA |
| 5 | 14 West Chestnut Avenue, Cortland, IL | Unknown | Unknown | DA | 30,000.00 | FA |
| 6 | 85 Sol. Somonauk, Cortland, IL | Unknown | Unknown | OA | 0.00 | FA |
| 7 | Cash | 10.00 | 0.00 | DA | 0.00 | FA |
| 8 | Checking Account-Amnerican National Bk. | 10.00 | 0.00 | DA | 0.00 | FA |
| 9 | household goods and furnishings | 200.00 | 0.00 | DA | 0.00 | FA |
| 10 | wearing apparel | 200.00 | 0.00 | DA | 0.00 | FA |
| 11 | Allstate Annuity | 0.00 | 0.00 | DA | 0.00 | FA |
| 12 | 1995 Dodge; 1997 GMC Sonoma, 1992 Cadillac | 450.00 | 0.00 | DA | 0.00 | FA |
| 13 | 1999<br>VALUE $ Mortgage 99,000<br>315 North 10th Stre | 0.00 | 0.00 | | 0.00 | 0.00 |
| 13 | Assets    Totals (Excluding unknown values) | $870.00 | $0.00 | | $30,000.00 | $0.00 |

**Major Activities Affecting Case Closing:**

**Initial Projected Date Of Final Report (TFR):**   December 31, 2011          **Current Projected Date Of Final Report (TFR):**   February 7, 2012  (Actual)

Printed: 02/07/2012 10:32 AM    V.12.57

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 1

| | |
|---|---|
| **Case Number:** 10-72337 | **Trustee:** JAMES E. STEVENS (330420) |
| **Case Name:** MISKIN, MILOJKA | **Bank Name:** The Bank of New York Mellon |
| | **Account:** 9200-******93-66 - Checking Account |
| **Taxpayer ID #:** **-***5459 | **Blanket Bond:** $372,000.00 (per case limit) |
| **Period Ending:** 02/07/12 | **Separate Bond:** N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|---|
| 10/31/11 | | American Title Guaranty, Inc. | payment sale of 14 W. Chestnut, Cortland, IL | | | 6,281.35 | | 6,281.35 |
| | {5} | | | 30,000.00 | 1110-000 | | | 6,281.35 |
| | | | real estate commission | -1,300.00 | 3510-000 | | | 6,281.35 |
| | | | closing fee American Title Guaranty, Inc. | -150.00 | 2500-000 | | | 6,281.35 |
| | | | Title Insurance | -350.00 | 2500-000 | | | 6,281.35 |
| | | | FATIC | -50.00 | 2500-000 | | | 6,281.35 |
| | | | overnight handling fee | -20.00 | 2500-000 | | | 6,281.35 |
| | | | recording fee, stamps and DFI Policy Fee | -87.00 | 2500-000 | | | 6,281.35 |
| | | | 2006-2009 forfeited tax DeKalb County Treasurer | -10,279.94 | 2500-000 | | | 6,281.35 |
| | | | 2010 real estate taxes DeKalb County Treasurer | -3,100.17 | 2500-000 | | | 6,281.35 |
| | | | 2011 real estate prorations 1/1/11 to 10/25/11 | -2,431.75 | 2500-000 | | | 6,281.35 |
| | | | Discover Card - payoff judgment | -5,000.00 | 4120-000 | | | 6,281.35 |
| | | | Town of Cortland - outstanding water bill | -446.79 | 2500-000 | | | 6,281.35 |
| | | | DeKalb County Collector - receipt of duplicated tax bill | -3.00 | 2500-000 | | | 6,281.35 |
| | | | balance of real estate commission (deposit retained by broker) | -500.00 | 3510-000 | | | 6,281.35 |
| 11/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | | 2600-000 | | 25.00 | 6,256.35 |
| 12/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | | 2600-000 | | 25.00 | 6,231.35 |
| 01/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | | 2600-000 | | 25.00 | 6,206.35 |
| | | | **ACCOUNT TOTALS** | | | 6,281.35 | 75.00 | **$6,206.35** |
| | | | Less: Bank Transfers | | | 0.00 | 0.00 | |
| | | | **Subtotal** | | | 6,281.35 | 75.00 | |
| | | | Less: Payments to Debtors | | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | | **$6,281.35** | **$75.00** | |

{} Asset reference(s)

Printed: 02/07/2012 10:32 AM    V.12.57

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 2

| Case Number: | 10-72337 | | Trustee: | JAMES E. STEVENS (330420) |
|---|---|---|---|---|
| Case Name: | MISKIN, MILOJKA | | Bank Name: | The Bank of New York Mellon |
| | | | Account: | 9200-******93-66 - Checking Account |
| Taxpayer ID #: | **-***5459 | | Blanket Bond: | $372,000.00   (per case limit) |
| Period Ending: | 02/07/12 | | Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Checking Account Balance |

| | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **TOTAL - ALL ACCOUNTS** | | | |
| **Checking # 9200-******93-66** | 6,281.35 | 75.00 | 6,206.35 |
| | $6,281.35 | $75.00 | $6,206.35 |

{} Asset reference(s)                                                                                         Printed: 02/07/2012 10:32 AM    V.12.57

Printed: 02/07/12 10:32 AM  **Claims Distribution Register**  Page: 1

### Case:  10-72337   MISKIN, MILOJKA

| Claim # | Date | Pri | Claimant / Proof / <Category> / Memo | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment |
|---|---|---|---|---:|---:|---:|---:|---:|
| **Admin Ch. 7 Claims:** | | | | | | | | |
| | 05/05/10 | 200 | Barrick Switzer Long, Balsley & Van Evera, LLP<br>6833 Stalter Drive<br>Rockford, IL 61108<br><3120-00  Attorney for Trustee Expenses (Trustee Firm)> | 6,220.10 | 6,220.10 | 0.00 | 6,220.10 | 6,206.35 |
| | 05/05/10 | 200 | Barrick, Switzer, Long, Balsley & Van Evera, LLP<br>6833 Stalter Drive<br>Rockford, IL 61108<br><3110-00  Attorney for Trustee Fees (Trustee Firm)> | 3,700.50 | 3,700.50 | 0.00 | 3,700.50 | 0.00 |
| | 05/05/10 | 200 | JAMES E. STEVENS<br>6833 Stalter Drive<br>Rockford, IL 61108<br><2100-00  Trustee Compensation> | 3,750.00 | 3,750.00 | 0.00 | 3,750.00 | 0.00 |
| | | | **Total for Priority 200:   99.77894% Paid** | **$13,670.60** | **$13,670.60** | **$0.00** | **$13,670.60** | **$6,206.35** |
| | | | **Total for Admin Ch. 7 Claims:** | **$13,670.60** | **$13,670.60** | **$0.00** | **$13,670.60** | **$6,206.35** |
| **Unsecured Claims:** | | | | | | | | |
| 1 | 03/02/11 | 610 | Alpine Bank and Trust Co.<br>c/o Thomas P. Sandquist, Attorney<br>120 West State Street, P.O. Box 219<br>Rockford, IL 61105<br><7100-00  General Unsecured § 726(a)(2)> | 150,220.66 | 150,220.66 | 0.00 | 150,220.66 | 0.00 |
| 2 | 03/24/11 | 610 | Commonwealth Edison Company<br>3 Lincoln Center<br>Attn: Backruptcy Section<br>Oakbrook Terrace, IL 60181<br><7100-00  General Unsecured § 726(a)(2)> | 2,966.49 | 2,966.49 | 0.00 | 2,966.49 | 0.00 |
| 3 | 05/09/11 | 610 | Dekalb Co. Collector<br>110 E. Sycamore St.<br>Sycamore, IL 60178<br><7100-00  General Unsecured § 726(a)(2)> | 69,195.50 | 69,195.50 | 0.00 | 69,195.50 | 0.00 |
| 4 | 05/12/11 | 610 | PNC BANK<br>PO BOX 94982<br>CLEVELAND, OH 44101<br><7100-00  General Unsecured § 726(a)(2)> | 11,508.46 | 11,508.46 | 0.00 | 11,508.46 | 0.00 |
| | | | **Total for Priority 610:   0% Paid** | **$233,891.11** | **$233,891.11** | **$0.00** | **$233,891.11** | **$0.00** |
| | | | **Total for Unsecured Claims:** | **$233,891.11** | **$233,891.11** | **$0.00** | **$233,891.11** | **$0.00** |
| | | | **Total for Case :** | **$247,561.71** | **$247,561.71** | **$0.00** | **$247,561.71** | **$6,206.35** |

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 10-72337
Case Name: MISKIN, MILOJKA
Trustee Name: JAMES E. STEVENS

**Balance on hand:** $ 6,206.35

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 6,206.35

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Attorney for Trustee, Expenses - Barrick Switzer Long, Balsley & Van Evera, LLP | 6,220.10 | 0.00 | 6,206.35 |

Total to be paid for chapter 7 administration expenses: $ 6,206.35
Remaining balance: $ 0.00

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 0.00

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims: $ 0.00
Remaining balance: $ 0.00

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

**UST Form 101-7-TFR (05/1/2011)**

Timely claims of general (unsecured) creditors totaling $295,891.11 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Alpine Bank and Trust Co. | 150,220.66 | 0.00 | 0.00 |
| 2 | Commonwealth Edison Company | 2,966.49 | 0.00 | 0.00 |
| 3 | Dekalb Co. Collector | 69,195.50 | 0.00 | 0.00 |
| 4 | PNC BANK | 11,508.46 | 0.00 | 0.00 |

Total to be paid for timely general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

**UST Form 101-7-TFR (05/1/2011)**

**UST Form 101-7-TFR (05/1/2011)**